IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-cv-00738-RPM-MJW

**BETTY BLACKFORD,**
**VALERIE CALHOUN,**
**RICHARD MITCHELL**, and
**VERNON VEGGEBERG**,

      Plaintiffs,

v.

**DEX MEDIA, INC**., a Colorado corporation,

      Defendant.

___

## STIPULATED PROTECTIVE ORDER
___

      Having shown good cause in support of the entry of this Order to protect against the dissemination of confidential information, or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, and recognizing the parties to this case have stipulated hereto, IT IS ORDERED:

      1.    This Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

      2.    As used in this Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. The following documents, materials or information, and the data or information contained therein, shall be deemed "CONFIDENTIAL INFORMATION":

    a. information that implicates common law or statutory privacy interests or personal information that could embarrass or annoy parties or witnesses including, without limitation, employee personnel records, medical records, employee performance information, employee identifying information, complaints of harassment or discrimination, customer identifying information, customer payment information and other similar information; and

    b. trade secrets or other sensitive commercial or proprietary information including, without limitation, customer identifying information, customer payment information, employee salaries, employee commission payments, commission rates, internal corporate policies reflecting Defendant's business practices, sales, income or profit information, and other similar information.

4. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

5. In order for a party to designate documents, materials or information as CONFIDENTIAL, the party must first have an attorney associated with the case review the documents, materials or information intended to be designated as CONFIDENTIAL. The attorney conducting the review may only designate the documents, material or information as CONFIDENTIAL if he or she has a good faith belief that said documents, materials or information: (i) fall within the matters deemed CONFIDENTIAL by this Order; (ii) are otherwise entitled to protection under Fed.R. Civ. P. 26(c)(7); or (iii)

would divulge information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case.

6. CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except the preparation and trial of this case.

7. CONFIDENTIAL INFORMATION shall not, without the consent of the party producing it or further order of the Court, be disclosed except that such information may be disclosed to:

a) attorneys actively working on this case;

b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at trial, or at other proceedings in this case;

c) the parties, including designated representatives for the Defendant;

d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, depositions, trial or other proceedings in this case;

e) the Court and its employees ("Court Personnel");

f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g) deponents, witnesses, or potential witnesses (defined as any person the attorneys in good faith believe will or may be requested or required to testify as a witness at deposition or trial), provided that such deponents, witnesses or potential witnesses shall be shown such Confidential Information as counsel deems reasonably necessary to allow for the full and fair exploration and presentation of information possessed by such

person; and provided that prior to disclosing the Confidential Information or its contents to such person, the deponent, witness or potential witness shall sign a form containing: (1) A recital that the signatory has read and understands this Order, and agrees to be bound by its terms; (2) a recital that the signatory understands that unauthorized disclosures of the Confidential Information or its contents constitutes contempt of court; and (3) a statement that the signatory consents to the exercise of personal jurisdiction by the Court for the purposes of enforcement of this order (a copy of the signed form shall be available for inspection upon request by opposing counsel); and

      h)      other persons by written agreement of the parties.

      8.      Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

      9.      Whenever a deposition involves the disclosure of CONFIDENTIAL INFORMATION, the deposition or portions thereof shall, at the election of counsel, be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel

of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10.     A party may object to the designation of particular CONFIDENTIAL INFORMATION within a deposition by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it as CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming destruction.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

13. The parties to this action, their counsel, and any other person who agrees in writing to become bound by the terms of this protective order ("the Order"), are bound by this Order.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**DATED this 27th day of November, 2007.**

                **s/ Richard P. Matsch**
                _____

                **Richard P. Matsch**
                **Senior District Court Judge**

STIPULATED and AGREED TO THIS 26th DAY OF NOVEMBER, 2007.

| *s/ Laura E. Schwartz* | *s/ Beth Doherty Quinn* |
|---|---|
| Diane S. King | J.Mark Baird |
| Laura E. Schwartz | Beth Doherty Quinn |
| King & Greisen, LLP | Baird & Kiovsky, LLC |
| 1670 York Street | 2036 East 17th Avenue |
| Denver, CO  80206 | Denver, CO  80206 |
| Telephone:  303-298-9878 | Telephone:  303-813-4500 |
| Facsimile:  303-298-9879 | Facsimile:  303-813-4501 |
| Email: king@kinggreisen.com | E-mail: jmb@bairdkiovsky.com |
| schwartz@kinggreisen.com | bdq@bairdkiovsky.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |