IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00738-RPM-MJW

BETTY BLACKFORD,
VALERIE CALHOUN,
RICHARD MITCHELL, and
VERNON VEGGEBERG,

    Plaintiffs,

v.

DEX MEDIA, INC., a Colorado corporation,

    Defendant.

---

### ORDER REGARDING
### PLAINTIFFS' AMENDED MOTION TO COMPEL DISCOVERY RESPONSES
### (DOCKET NO. 28)

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Amended Motion to Compel Discovery Responses (docket no. 28). The court has reviewed the subject motion (docket no. 28) and the response (docket no. 30) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case involves claims of age and gender discrimination by four sales representatives currently or formerly employed by defendant Dex. Plaintiffs allege that defendant Dex failed to promote them from the Telephone Sales Representative

("TSR") position to the Premise Sales Representative ("PSR") position and that management of defendant Dex discriminated on the basis of age and gender in the assignment and handling of sales accounts. Plaintiffs also allege a hostile work environment and constructive discharge. Defendant Dex has denies these allegations.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, descriptions, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id.

It is undisputed that all Plaintiffs worked solely in defendant Dex's Aurora or Thornton local sales offices. Those offices service the Denver and Boulder markets,

respectively, and comprise the Denver-Metro Telephone and Premise Sales Directories ("Denver Sales Region"). See affidavits of Claudia Villani and Steve Murgo, exhibits A and B attached to Defendant Dex Response (docket no. 30).

In the subject motion (docket no. 28), Plaintiffs seek discovery which encompasses the entire state of Colorado rather than just the Denver-Metro Sales Region where the Plaintiffs have been or were employed. Plaintiffs argue that although defendant Dex does business in 14 states, they have limited their scope of discovery just to the state of Colorado. Defendant Dex argues that discovery should be limited to just the Denver-Metro Sales Region.

The affidavits of Murgo and Waldum (exhibits B and C, attached to Defendant Dex Response (docket no. 30)) indicate that all PSR hire decisions were made by the Denver-Metro Premise Sales Director and not at any higher level as alleged by Plaintiffs in the subject motion (docket no. 28) on page 31. Plaintiffs have failed to produce any evidence to the contrary. Accordingly, the court may limit the geographic scope of discovery to the work unit that is the source of the complained discrimination. See Riviera v. City and County of Denver, 365 F.3d 912, 922 (10th Cir. 2004). Here, the court finds that the proper geographic scope of discovery is the Denver-Metro Sales Region and not the entire state of Colorado and not the 14 states that defendant Dex services.

Moreover, the court finds that defendant Dex has already provided to Plaintiffs a full explanation for each of the fifty-two (52) PSR hiring decisions beginning January 1, 2004; has already provided to Plaintiffs the specific reasons why each candidate was selected; and has further outlined the selection process and provided Plaintiffs with all

available applicant data. This court further finds that Plaintiffs' request for all disciplinary records for every TSR and PSR employee is overbroad and therefore no further response for such records is required by defendant Dex at this time. Lastly, the court finds that defendant Dex has previously provided to Plaintiffs the gross wages for each individual employed as a PSR from 2005 to 2007 and that such information is sufficient for Plaintiffs to calculate their potential damages.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiffs' Amended Motion to Compel Discovery Responses (docket no. 28) is **DENIED**;
2. That each party shall pay their own attorney fees and costs.

Done this 9th day of June 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE